FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 8 2001

JAMES W. McCORMACK, CLERK
By: Martha Dugate
DEP. CLERK

Andra Gaines

This case assigned to District Judge Howard
and to Magistrate Judge Jones

(Enter above the full name of the plaintiff, or plaintiffs, in this action.) City of West Memphis

v. Crittenden County Prosecution office   CASE NO. 3:01CV00184 H

West Memphis Police Dep and Municipal Court Clerks
Cap. Mike Allen, Lawrence Vaughn, Det. Eddie Wes
Municipal Judge Pal Rainey Lacy Roberts police, James Sudbury
(Enter above the full name of Dep. Pro Fred Thorn, Chieff Pro. Brent
defendant or defendants, in
this action.) Det. Brayn Ridge, Debbie A.
Regina Meeks  Ken Mitc

I. Previous Lawsuits

  A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

     Yes _____ No ✓

  B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

     1. Parties to this lawsuit

        Plaintiffs: _____

        Defendants: _____

     2. Court (if federal court, name the district; if state court, name the county: _____

-1-

3. Docket Number: _____

4. Name of judge to whom case was assigned: _____

5. Disposition (for example: Was the case dismissed Was it appealed? Is it still pending?): _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. Place of Present Confinement: *Dep of Corrections Cummi not at Crittenden Count Det. Facility*

III. There is a prisoner grievance procedure in the Arkansa Department of Correction. **Failure to complete the grievanc procedure may affect your case in federal court.**

A. Did you present the facts relating to your complain in the state prisoner grievance procedure?

Yes _____  No ✓

B. If your answer is YES, Attach copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

C. If your answer is NO, explain why not: *Because there is a grievance procedure for this matter inside the Dep of Correction for this matter*

IV. Parties
(In item A below, place your name in the first blank an place your present address in the second blank. Do th same for additional plaintiffs, if any.)

A. Name of plaintiff: *Andra Gaines #101767*

Address: *Cummins Unit P.O Box 500 Grady Ark,*

*now at →* *Crittenden County Detention Center, West Memphis*
*and will* *350 AFCo Rd West Memphis*
*return to*
*Cummins Unit*

Name of plaintiff: _____

Address: _____

Name of plaintiff: _____

Address: _____

(In item B below, place the full name of the defenda[nt]
the first blank, his official position in the second b[lank]
his place of employment in the third blank, and his addre[ss]
the fourth blank.)

Defendant: Mike Allen
Position: Cap. West Memphis police [Dept.]
Place of employment: West Memphis Police
Address: _____

Defendant: Judge Pal Rainey
Position: Municipal Judge West[M]
Place of employment: Municipal Judge West
Address: 26 Military Rd Marion [Ark]

Defendant: Lawrence Vaughn
Position: Detective
Place of employment: West Memphis police [Dept.]
Address: _____

Defendant: Eddie West
Position: Detective
Place of employment: West Memphis police [Dept.]
Address: _____

Defendant: Fred Thorne
Position: Dep prosecuting Attorne[y]
Place of employment: Crittenden County pro[s]
Address: 379 Military Rd Marion Ark

-3-

Ken Mitchell
Detective
West Memphis police Dep.

James Sudbury
Detective
Wes Memphis police Dep.

Regina Meeks
Detective
West Memphis police Dep.

Lacy Roberts
City police Officer
West Memphis police Dep.

Debbie Austin
Municipal Court Clerk
West Memphis Municipal Court

Brayn Ridge
Detective
West Memphis police De[p.]

Brent Davis
Chief prosecuting Attorney

(870) 732-7560

V.  **Statement of Claim**

State here as briefly as possible the **facts** of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I was arrested by west Memphis police Department June 26, 1996 on Charges of Three Counts Of Capital Murder and first degree battary and arson and was a to threats by West Memphis police Officer threaten Cornelius Franklin to implicate Plaintiff in a statement there was no evidence to support the Charge Cornelius Franklin was also charged but had filed claims against the west Memphis police department and Crittenden

VI. **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To Order defendant's to pay plaintiff for Punitive and Monitary damages and Pain and Suffering and Lost Wages and this be ordered and paid in this
Six Million dollars $583,400.00 $ 218,400.00
Six Million dollars $583,400.00 $ 218,400.00

I declare under penalty of perjury (18 U.S.C. § 1621 that the foregoing is true and correct.

Executed on this ___ day of _____ June , 2001.

_Andra Gaines_

Signature(s) of plaintiff(s)

-4-

1. Continue of Statement of Claim

jail but Mr. Cornelious Franklin was arrested befo[re] plaintiff on the Capital murder Charges and t[hat] the police Officers that was involved in the inve[stigation] investigation was Mike Allen, Lawrence Vaughn, Eddie West, James Sudbury, Brayn Ridge, Regina Meeks, Ken Mitchell, all are employe[d] with the West Memphis police Department and there was no evidence to support the Capital murder Charges plaintiff had been arr[ested] on and that warrants never got issued for plai[ntiff] arrest untile Mr. Cornelious Franklin was threate[ned] by West Memphis police because plaintiff was arrested in Marion Arkansas by Marion police and that officers had ran a N.C.I.C on plain[tiff] and there was no warrants on plaintiff at this time and then the Marion police asked plain[tiff] where he was from and plaintiff stated West Memphis and that West Memphis police was contacted by Marion police and asked if they had any warrants for plaintiff's arrest and th[ey] called back thirty minutes later stating they had warrants for plaintiffs arrest but it took them a long time befor they even picked plaint[iff] up at the Crittenden County jail but at the sa[me] time Mr. Cornelious Franklin was at West Me[mphis] police department and had been there sence a[bout] 11:30 AM that morning and Mr. Cornelious Franklin was not threaten by police until late[r] that evening and Mr. Cornelious Franklin even h[ad] testifyed at plaintiffs trial in July 27th thr[u] August 4, 1998 and gave testimony at trial t[hat] police officer had threaten him and he was a[t]

3

That was not put in the media and Ms. Brenda Davis stated this at the trial of plaintiff that the gas was poured on the floor and not the on the floor and this was not put in the media and Ms. Brenda Davis Municipal court charges come back none processed and Judge Pal R ordered Ms. Davis to pay the cost of the wi shield and two tires that she put on flat a the warrant that was issued by Ms. Sharen Lanny was introduced at the evidentary hearin held March 21 and 22, of 2001 and this was introduced as one of plaintiff's exhibits as a de exhibit at the evidentary hearing held in thi matter of the three counts of Capital mur and this West Memphis police Lacy Robert was in a relationship with Ms. Brenda Davis at the same time plaintiff was but Ms Brend Davis had knowledge of this gas being poured on the floor before fire investigator's gave testim and the investigation of the fire was not pu in the media that the gas was poured on the floor and Ms. Brenda Davis also testifed at the trial in July 27 threw August 4, 1998 and that Ms. Brenda Davis Municipal court charges came back none process when plaintiff subpoenaed this into court and this was no

4

what the Municipal court judge ordered and some one altered the papers in this case Conform with what they wanted.

And that the five investigators in this ca was Albert Robinson, Mark Teufert, W.C. Whit, and Robert Strader who all gave testimony at the trial in July 24, throu August 4, 1998 and that Ms. Brenda Dav couldn't have gotten her knowledge of thi gas being poured on the floor only by the police that she was in a relationship with or prosecutor's informed Ms Brenda Davis this case before she gave her testimony

And that the prosecutor's in this same matter prosecuted plaintiff and convicted hi on the three counts of Capital murder chang and battary and arson and that Fred Thorne Brent Davis was prosecutor's in this case and that the Crittenden County prosecutor's office was the plaintiff in the Capital murder charges and that after being charged by West Memphi police the Crittenden County prosecution Off. prosecuted plaintiff on the Capital murder charges and that the prosecution office als withheld evidence and violated the disco

6

this case was still seeking the death penalty even after the speedy trial rights of plaintiff had all ready been violated

And the second motion for evaluation was filed June 13, 1997 and was not ruled o until July 27, 1997 and was not ruled on w 30 days as required and that plaintiff did not go to the evaluation that was to be don at the state hospital until October 6, 1997 a this was until (15) months after plaintiffs arrest and a year after the first motion that was filed and almost (4) months after the se motion was filed but plaintiff motions for evaluation was not ruled on within (30)day and should have been denied as of the 30th day and that the first motion for evaluation was not included on the docket sheet that plaintiff requested to decide the time for t speedy trial

And plaintiff was granted a evidentary hearing in this same matter plaintiff was set t go for his evidentary hearing in March 21, 22, and May 3, 2001 and that plaintif had filed several pre trial motions and requested that plaintiff be furnished certain evidence and that plaintiff had requested certain eviden

7

from the Municipal Courts and it was the
charges that Brenda Davis was issued warr
for and went to Municipal Court on in Mar
of 94 and that the Municipal Court judge
had ordered Ms. Davis to pay the cost of
the windshield and two tires she put on t
of Ms. Sharren Larry and the evidence that
was to be furnished by the prosecuter beca
the evidence was needed to prove the issue
in ~~the~~ plaintiff case and to go towar
the credibility of plaintiff and this eviden
was altered by plaintiff's at the time was the
prosecuter and this judge did not none pieces
Ms. Brenda Davis charge and that prosecuter ha
submitted an Affidavit of the charge being no
process and the Municipal Court judge did not. a
the judge was Pal Rainey of the West Mephis
Municipal Court and this evidence was altered
before it was presented to plaintiff and was
submitted as a defense exhibit at the evidenta
hearing held.

And that also there was two different
set of samples submitted to the state Crime L
for test to be done and the first samples was
submitted June 25, 1996 (4) days after the f
and a day before Cornelious Franklin was threa

9

was tampered with and by the first sam that was taken came back showing no sig. then the second samples was taken from the same area of the first and that the second samples should have had the same results as the first and that the second samples was not taken until after Mr. Cornelious Franklin was threaten by west Memphis police and the testimony Mr. Cornelious Franklin gives should have been excluded from trial because Mr Frank states at trial that he was threaten by police and that he filed suites against them because way he was treated at this was at the trial in July 27th through August 4, 1998